**Ahmed Karim ABDI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2006.

Decided May 5, 2006.

Leonard J. Feldman, Esq., Kelly B. Fennerty, Esq., Heller Ehrman, LLP, Seattle, WA, for Petitioner.

Ahmed Karim Abdi, Seattle, WA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Mary Jane Candaux, Esq., Cindy S. Ferrier, Esq., P. Michael Truman, Esq., DOJ-U.S. Department of Justice Civil

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Ahmed Karim Abdi, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, see Bandari v. INS, 227 F.3d 1160, 1165 (9th Cir.2000), we grant the petition for review, and remand for further proceedings.

The record compels reversal of the BIA's adverse credibility determination. The BIA relied in part on inconsistencies between Abdi's testimony and the report of the asylum officer who interviewed Abdi.[1] However, there is no indication that Abdi was placed under oath at the interview with the asylum officer or that Abdi was given an opportunity to comment on the evidence at the conclusion of the interview, and the asylum officer did not testify at the hearing. Moreover, the record does not sufficiently demonstrate the reliability of the report in that Abdi testified that his interpreter and the asylum officer appeared to have some difficulty communicating and that the asylum officer conducted the interview in an adversarial manner, and in that there are inconsistencies between the report and the asylum officer's handwritten interview notes. Under these circumstances, the report cannot support the adverse credibility finding. See Singh v. Gonzales, 403 F.3d 1081, 1087–90 (9th Cir.2005) (holding that an asylum officer's report did not constitute substantial evidence to support an adverse credibility finding where, inter alia, there was no indication that the interview was conducted under oath or that petitioner had an opportunity to comment on the evidence at the end of the interview, the asylum officer did not testify, and the reliability of the report was insufficiently supported by the record).

The remaining inconsistencies identified by the BIA, to the extent they exist, are minor discrepancies that reveal nothing about Abdi's fear for his safety. See Bandari, 227 F.3d at 1166–67.

We therefore remand for a determination in the first instance whether, taking Abdi's testimony as true, he has established eligibility for asylum and withholding of removal. See Arulampalam v. Ashcroft, 353 F.3d 679, 689 (9th Cir.2003). Although we note that the BIA acknowledged that

the Barawans, as a group in general, have been singled out for harassment and those living in the old quarter of Mogadishu have been driven out of the country. United States Department of State, Somalia: Profile of Asylum

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Abdi has exhausted his challenge to the use of the asylum officer's report as a basis for the adverse credibility finding by raising that issue before the BIA. However, to the extent Abdi argues that the BIA or the IJ, in relying upon the report, denied him the right to confront the witnesses against him, or otherwise violated his procedural due process rights, he has failed to exhaust any such claims, and we have no jurisdiction to consider them. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).

*Claims and Country Conditions,* released by Bureau of Democracy, Human Rights and Labor, at 11 (1996). The evidence demonstrates that there have been reports of a consistent pattern of looting, rapes and intimidation by the succession of militias against the Barawans. *Id.* at 12[,]

we remand the withholding claim as well as the asylum claim, in light of *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). *See Knezevic v. Ashcroft,* 367 F.3d 1206, 1213 (9th Cir. 2004) (reiterating that "persecution of an entire group can render proof of individual targeting entirely superfluous") (quoting *Kotasz v. INS,* 31 F.3d 847, 852 (9th Cir. 1994)); *see also El Himri v. Ashcroft,* 378 F.3d 932, 936 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**